1  Daniel J. Herling (SBN 103711)
   Edward H. Davis, Esquire (SBN 88210)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-Mail:    djherling@duanemorris.com
5              ehdavis@duanemorris.com

6  Attorneys for Plaintiffs
   EDDY DOMINGUEZ, NEWTON BUI, TAN
7  NGUYEN and LICINO VALINO

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11 | EDDY DOMINGUEZ, NEWTON BUI, TAN    | Case No. _C 07-04679 CW
   | NGUYEN and LICINO VALINO,          |
12 |                                    | **NOTICE OF EX PARTE
   |            Plaintiffs,             | APPLICATION FOR RIGHT TO
13 |                                    | ATTACH ORDER (FRCP 64, CCP §§
   |        v.                          | 483.010, 485,010, 485.210);
14 |                                    | MEMORANDUM OF POINTS AND
   | ANDREW CORPORATION,                | AUTHORITIES IN SUPPORT
15 |                                    | THEREOF**
   |            Defendant.              |
16 |                                    | Dept:      2, 4th Floor
   |                                    | Judge:     Claudia Wilken
17 |                                    | Complaint Filed: September 11, 2007

---

NOTICE OF EX PARTE APPLICATION FOR RIGHT TO ATTACH ORDER (FRCP 64,          CASE NO. C 07-04679 CW
CCP SECTION 430.010, 485.010 AND 485.210) AND TEMPORARY RESTRAINING ORDER

# I. INTRODUCTION

Plaintiffs Eddy Dominguez, Newton Bui, Tan Nguyen, and Licino Valino apply to this court, *ex parte*, for an application for a right to an attachment order to secure the deposit into this court of a security by defendant pending resolution of this action.

This application is made pursuant to Federal Rules of Civil Procedure 64 and California Code of Civil Procedure sections 483.010, 485.010, and 485.210, which expressly authorizes issuance of a right to attach order ex parte application (Local Rule 7-10).

# II. ARGUMENT

## A. Statutory Basis For Application

### 1. State Law Applies

Federal Rules of Civil Procedure 64 provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of personal property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of this state which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

As such, the procedures under California State law govern this application.

### 2. Facts

Plaintiffs are former shareholders of a company named Cell Site Industries, Inc. ("CSI").

After protracted negotiations and based upon representations of defendant Andrew, CSI entered into a Stock Purchase Agreement ("SPA") whereby Andrew promised to make certain payments, including certain retention and bonus payments, in exchange for plaintiffs selling their stock in CSI. Plaintiffs have met, or have made every effort to meet, all of its obligations under the SPA.

Andrew has breached various sections of the SPA, including a breach of section 2(e) of the SPA by failing to deposit funds into an escrow account; section 2(h) of the SPA by failing to make

1

NOTICE OF EX PARTE APPLICATION FOR RIGHT TO ATTACH ORDER (FRCP 64, CCP SECTION 430.010, 485.010 AND 485.210) AND TEMPORARY RESTRAINING ORDER    CASE NO. C 07-04679 CW
DM1\1188134.1

the retention payments for the last three quarters, and section 2(i) of the SPA by failing to make David Stout Software payments, all as required by the terms of the SPA.

Plaintiffs have filed a complaint for breach of contract in this court. The complaint also contains allegations of fraud, negligent misrepresentation, intentional and negligent interference with prospective economic relations, breach of the implied covenant of good faith and fair dealing, unjust enrichment and imposition of constructive trust and declaratory and injunctive relief. The subject of this writ of attachment relates to the first cause of action in the complaint for breach of contract.

## III. ARGUMENT

### A. State Law Authorizes Prejudgment Attachment

Section 483.010 of the Code of Civil Procedure provides that an attachment may be issued in an action for a claim for money based on a contract or implied contract and the total amount of the claim is fixed or readily ascertainable in an amount in excess of $500, exclusive of costs, interest, and attorney's fees. Plaintiffs' action includes a count for breach of the SPA by defendant. As is set forth in detail in the accompanying declaration of plaintiff Eddy Dominguez, the SPA obligated the defendant (known as Buyer in the SPA) to making certain payments within specific deadlines. These payments included the following:

> Section 2(a)  Escrow Fund on the Closing Date:  the buyer will deposit in escrow cash in the amount of $1,200,000 (one million two hundred thousand dollars) the "Indemnification Cash").

As is set forth in detail in the declaration of Eddy Dominguez, 60 percent or $720,000 has not yet been released to plaintiffs.

Section 2(h) sets forth in pertinent part:

> Retention Payment:  Subsequent to the Closing, and in addition to and regardless of any Earnout Payments made to the Sellers [plaintiffs] pursuant to Section 2(g) hereof, any Seller who has continuously been employed by the Buyer or Target from the Closing for each month up through the expiration of the Year Three Earnout Period shall receive his accrued and prorata portion of $27,778.78 per month within thirty (30) days after the end of the subject calendar quarter, less any applicable withholdings.

As is set forth in detail in the accompanying declaration of plaintiff Eddy Dominguez, defendant has failed to make retention payments for the last three quarters and currently owes the plaintiffs $250,000.

Section 2(i) Stout payment sets forth in pertinent part:

. . . (ii) To the extent that (A) each and all of the Performance Standards have been met by David Stout but (B) certain amounts of the Performance Bonus remain unpaid (such amount, the "Performance Bonuses Remainder") due to his termination of employment with the Buyer or Target, whether voluntary or unvoluntary, prior to the expiration of the Year Two Earnout Period (the "Stout Early Termination"), the Performance Bonuses Remainder shall be paid Pro Rata to the Sellers, less any aplicable withholdings, within thirty (30) days of the Stout Early Termination.

As is set forth in detail in the accompanying declaration of plaintiff Eddy Dominguez, Mr. Stout's termination occurred on December 9, 2006. Performance bonus remainders in the amount of $150,000 are currently owing and have not been paid.

After paying any and all credits due defendant, the balance currently due as a result of the breach of the SPA totals $1,120,000.00. (Dominguez Decl. ¶ 4.) As such, this action is one for which attachment is an available remedy under California law.

### B. State Law Authorizes Attachment By Ex Parte Application

Local Rule 7-10 requires plaintiffs to identify the statute authorizing the granting of relief by ex parte application. Sections 485.010 and 485.210 of the Code of Civil Procedure provide that a right to attach order be issued after a filing of a complaint upon an ex parte application when a supporting declaration demonstrates that grave or irreparable injury would result if the order were delayed until the matter could be heard on notice and that the defendant is currently engaging in activities which will render it not able to pay its debts as they become due, the plaintiffs would be entitled to judgment and the property sought to be attached is not exempt from attachment. Section 486.010 of the Code of Civil Procedure provides that the court may also issue a temporary protective order.

### C. Irreparable Injury Will Result If This Order Is Delayed

Plaintiffs' right to recovery cannot be seriously disputed. The required payments are specifically set forth in the SPA . On August 21, 2007, James Laporte, Andrew's WSM business unit CFO received a request to make the overdue payments. This request included a spreadsheet setting forth in detail what was owed. Mr. Laporte responded on August 21, 2007 and indicated that he would "jump on it." To date, Defendant has refused to make certain scheduled payments of the Retention Bonus and other deferred payments associated with the acquisition of the David Stout

3

software. The first two quarterly payments of the retention bonus were untimely paid, and the last three quarters of the retention bonus payments are grossly overdue as of this date. The deferred software payments became due and owing to the plaintiffs on January 9, 2007. (Dominguez Decl., ¶ 4.)

Plaintiffs have learned that in light of a pending acquisition by CommScope, Inc., Andrew management has directed ACMC (business division now run by plaintiffs) management, operations, and sales to focus all of its efforts on maximizing September revenues (at the expense of future revenues) in an attempt to reverse the worse quarter (FY/Q3/2007 ended June 2007) in Andrew's history and ensure that the CommScope, Inc. acquisition is consummated. Dominguez Decl., ¶ 5.

Accordingly, plaintiffs are concerned that should this acquisition of CommScope become finalized, Andrew will take any and all efforts to avoid being responsible to satisfy its outstanding obligations to plaintiffs.

## IV. CONCLUSION

Plaintiffs' application for right to attach order should be granted and the court should order a bond in the amount of $$1,120,000 to be deposited with the court. This will protect the plaintiffs and will not result in any undue harm to defendant.

Dated: September 12, 2007            **DUANE MORRIS LLP**

                                     By:    /s/ Daniel J. Herling
                                            Daniel J. Herling
                                            Edward H. Davis, Esquire
                                            Attorneys for Plaintiffs
                                            EDDY DOMINGUEZ, NEWTON BUI, TAN
                                            NGUYEN and LICINO VALINO

4

NOTICE OF EX PARTE APPLICATION FOR RIGHT TO ATTACH ORDER (FRCP 64, CCP SECTION 430.010, 485.010 AND 485.210) AND TEMPORARY RESTRAINING ORDER   CASE NO. C 07-04679 CW
DM1\1188134.1