IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and LICINO VALINO,<br><br>          Plaintiffs,<br><br>     v.<br><br>ANDREW CORPORATION,<br><br>          Defendant.<br>_____/ | No. C-07-4679 CW<br><br>ORDER DENYING PLAINTIFFS' APPLICATIONS FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER OF ATTACHMENT |

    Plaintiffs filed an <u>ex parte</u> application for a temporary restraining order and a motion for a preliminary injunction enjoining Defendant from taking any action to interfere with the operating agreement between the parties. Plaintiffs also filed an <u>ex parte</u> application for an order attaching $1,250,000 of Defendant's assets as security against any potential judgment in this case. Plaintiffs filed an affidavit of service of these applications on Defendant's registered agent for service of process. Defendant has not filed an opposition. Having considered the papers filed by Plaintiffs, the Court DENIES their application

for a temporary restraining order, DENIES their application for a writ of attachment, and DENIES without prejudice their motion for a preliminary injunction.

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, the moving party must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987). Plaintiffs have failed to make a sufficient showing of likely success on the merits of their claims and of irreparable harm to justify granting the ex parte relief they seek. Therefore, Plaintiffs' motion for a temporary restraining order is DENIED. Plaintiffs also have failed to show good cause for an ex parte attachment of Defendant's assets, and their application for a writ of attachment is DENIED.

Plaintiffs' motion for a preliminary injunction is DENIED without prejudice. Plaintiffs may re-notice their motion for a preliminary injunction in accordance with the Local Rules if they so choose. Plaintiffs' "Memorandum of Points and Authorities in Support of Ex Parte Application for Temporary Restraining Order on Order to Show Cause re Preliminary Injunction" shall be deemed their memorandum of points and authorities in support of their

2

motion for a preliminary injunction; Plaintiffs may not file an additional memorandum.  If the motion for a preliminary injunction is noticed, Defendants may file an opposition to the motion not to exceed ten pages.  Plaintiffs may then file a reply.

    Plaintiffs shall serve a copy of this order on Defendant forthwith.

    IT IS SO ORDERED.

Dated:   10/2/07                     
                                              CLAUDIA WILKEN
                                              United States District Judge