Edward H. Davis (SBN 88210)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:   ehdavis@duanemorris.com

Daniel J. Herling
Keller Heckman LLP
50 California Street, Suite 1500
San Francisco, CA  94111
Telephone:  415.277.5965
Facsimile:  415.277.5945
E-mail:  herling@khlaw.com

Attorneys for Plaintiffs
EDDY DOMINGUEZ, NEWTON BUI, TAN
NGUYEN and LICINO VALINO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and LICINO VALINO,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW CORPORATION,<br><br>Defendant. | Case No.:  C 07-04679 CW<br><br>**PROOF OF SERVICE**<br><br>Dept:              2, 4th Floor<br>Judge:            Claudia Wilken<br>Complaint Filed:    September 11, 2007 |

## PROOF OF SERVICE

*Eddy Dominguez, et al. v. Andrew Corporation*

United States District Court, Northern District of California, Case No. C-07-4679 CW

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date set forth below, I served the following document(s):

**ORDER DENYING PLAINTIFFS' APPLICATIONS FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER OF ATTACHMENT**

on the interested party(ies) in this action in the following manner:

**[X]  BY FACSIMILE:** On the date set forth below, at San Francisco, California, I caused the foregoing document(s) to be transmitted by facsimile transmission. I am readily familiar with the firm's business practice regarding facsimile transmissions. According to that practice, the document(s) will be transmitted by facsimile from the offices of Duane Morris that same day to the law office(s) stated below to their known business facsimile number(s) and/or to the facsimile number(s) maintained by the addressee(s) designated below at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The transmission(s) was(were) reported as complete and without error. A copy of the transmission report(s) properly issued by one or more of Duane Morris' four Canon Laser Class facsimile machine(s) is(are) attached hereto.

**Attorney for Defendant**

Ivor Samson
Mary Kay Lacey
Sonnenschein Nath and Rosenthal, LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
T: 415.882.5000
F: 415.882.0300

**Attorney for Defendant**

William Choe
Sonnenschein Nath and Rosenthal, LLP
990 Marsh Road
Menlo Park, CA 94025
T: 650-798-0300
F: 650-798-0310

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 3, 2007, at San Francisco, California.

_____
BETH COFFEY

Case 4:07-cv-04679-CW   Document 12   Filed 10/02/2007   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and LICINO VALINO,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDREW CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-07-4679 CW<br><br>ORDER DENYING PLAINTIFFS' APPLICATIONS FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER OF ATTACHMENT |

   Plaintiffs filed an <u>ex parte</u> application for a temporary restraining order and a motion for a preliminary injunction enjoining Defendant from taking any action to interfere with the operating agreement between the parties.  Plaintiffs also filed an <u>ex parte</u> application for an order attaching $1,250,000 of Defendant's assets as security against any potential judgment in this case.  Plaintiffs filed an affidavit of service of these applications on Defendant's registered agent for service of process.  Defendant has not filed an opposition.  Having considered the papers filed by Plaintiffs, the Court DENIES their application

for a temporary restraining order, DENIES their application for a writ of attachment, and DENIES without prejudice their motion for a preliminary injunction.

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, the moving party must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987). Plaintiffs have failed to make a sufficient showing of likely success on the merits of their claims and of irreparable harm to justify granting the ex parte relief they seek. Therefore, Plaintiffs' motion for a temporary restraining order is DENIED. Plaintiffs also have failed to show good cause for an ex parte attachment of Defendant's assets, and their application for a writ of attachment is DENIED.

Plaintiffs' motion for a preliminary injunction is DENIED without prejudice. Plaintiffs may re-notice their motion for a preliminary injunction in accordance with the Local Rules if they so choose. Plaintiffs' "Memorandum of Points and Authorities in Support of Ex Parte Application for Temporary Restraining Order on Order to Show Cause re Preliminary Injunction" shall be deemed their memorandum of points and authorities in support of their

motion for a preliminary injunction; Plaintiffs may not file an additional memorandum.  If the motion for a preliminary injunction is noticed, Defendants may file an opposition to the motion not to exceed ten pages.  Plaintiffs may then file a reply.

Plaintiffs shall serve a copy of this order on Defendant forthwith.

IT IS SO ORDERED.

Dated: 10/2/07



CLAUDIA WILKEN
United States District Judge