IVOR SAMSON (SBN 052767)
isamson@sonnenschein.com
MARY KAY LACEY (SBN 142812)
mlacey@sonnenschein.com
HILLARY NOLL KALAY (SBN 233173)
hkalay@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ANDREW CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGYUEN and LICINO VALINO, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW CORPORATION, <br><br> Defendant. | No. C 07-04679 CW <br><br> ANDREW CORPORATION'S OBJECTIONS TO THE DECLARATION OF EDDY DOMINGUEZ <br><br> Date: November 29, 2007 <br> Time: 2:00 p.m. <br> Courtroom: 2, Fourth Floor <br> Honorable Claudia Wilken |

Andrew Corporation ("Andrew") hereby objects to and requests that the Court strike portions of the "Declaration of Eddy Dominguez in Support of Ex Parte Application for Temporary Restraining Order on Order to Show Cause Re Preliminary Injunction," as follows:

**Paragraph 4 - In its Entirety:**

Paragraph 4 in its entirety is objectionable. The Stock Purchase Agreement speaks for itself and is the best evidence of its contents. In addition, the statements regarding the earn-out provision lack foundation and call for speculation as to the intent and motivation of Andrew. The cited paragraph also contains inadmissible hearsay. Fed. R. Evid. 104, 401-403, 602, 801-802, 901.

**Paragraph 5 - In its Entirety:**

Paragraph 5 in its entirety is objectionable. Statements regarding what Andrew "was aware" of and/or "refused" to do lack foundation and call for speculation as to Andrew's state of mind. In addition, statements allegedly made by Andrew representatives lack foundation and are inadmissible hearsay. Fed. R. Evid. 104, 401-403, 602, 801-802, 901.

**Paragraph 6 - In its Entirety:**

Paragraph 6 in its entirety is objectionable. Statements regarding Andrew's "engage[ment]" in "negotiations" and other alleged acts by Andrew lack foundation and call for speculation. In addition, statements allegedly made by Andrew representatives lack foundation and are inadmissible hearsay. Fed. R. Evid. 104, 401-403, 602, 801-802, 901.

**Paragraph 7 - In its Entirety:**

Paragraph 7 in its entirety is objectionable. First, statements regarding the Operating Agreement lack foundation and constitute hearsay as there is no Operating Agreement before the Court. In addition, statements regarding Andrew's state of mind in its drafting of the Operating Agreement lack foundation and call for speculation. Mr. Dominguez's statements claiming that Andrew "failed to fulfill its obligations" and "failed to perform under the operating agreement" contain inadmissible hearsay, opinions and legal conclusions. Civil Local Rule 7-5(b) states that declarations in support of motions "must avoid conclusions and argument" and that nonconforming declarations "may be stricken in whole or in part." *See also Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) (lay testimony expressing a legal conclusion is impermissible); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68 n.3 (1st Cir. 2002) (accord). In addition, any statements allegedly made by Andrew representatives lack foundation and are inadmissible hearsay. Fed. R. Evid. 104, 401-403, 602, 801-802, 901. Finally, to the extent that the Operating Agreement is submitted to the Court, the document speaks for itself and is the best evidence of its contents and meaning. Mr. Dominguez's description and interpretation of the terms of the Operating Agreement are inadmissible opinions.

**Paragraph 8 - In its Entirety:**

Paragraph 8 in its entirety is objectionable. The statement regarding Andrew's "announce[ment]" lacks foundation and contains inadmissible hearsay. The remainder of this paragraph also lacks foundation and contains inadmissible hearsay. Fed. R. Evid. 104, 401-403, 602, 801-802, 901.

**Paragraph 9:**

Page 3, line 13 (beginning at "During the") to line 16 (ending at "severe consequences"): The cited excerpt contains inadmissible hearsay. Fed. R. Evid. 801-802.

Page 3, line 18 (beginning at "I am confident") to line 19 (ending at "earn-out criteria."): The cited excerpt lacks foundation and calls for speculation regarding ACMC's ability to meet the earn-out criteria under certain circumstances.

**Paragraph 10: - In its Entirety:**

Paragraph 10 in its entirety is objectionable. The entire paragraph lacks foundation and calls for speculation regarding ACMC's potential loss of prospective customers and/or good will. In addition, the reference to "management directives to preclude ACMC from having the necessary headcount and operational capital" is inadmissible hearsay. Fed. R. Evid. 104, 401-403, 602, 801-802, 901.

.

Respectfully submitted,

Dated: November 8, 2007              SONNENSCHEIN NATH & ROSENTHAL LLP


                                     /S/ MARY KAY LACEY
                                     MARY KAY LACEY

                                     Attorneys for Defendant
                                     ANDREW CORPORATION

27282254

-3-
ANDREW CORPORATION'S OBJECTIONS TO THE DECLARATION OF EDDY DOMINGUEZ