Daniel J. Herling (SBN 103711)
Keller and Heckman LLP
50 California Street, Suite 1500
San Francisco, CA  94111
415.277.5952
415.277.5954

Attorneys for Plaintiffs
EDDY DOMINGUEZ, NEWTON BUI,
TAN NGUYEN and LICINO VALINO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and CLICINO VALINO, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW CORPORATION, <br><br> Defendant. | Case No. C 07-04679 CW <br><br> **PLAINTIFFS' RESPONSE TO ANDREW'S OBJECTIONS TO DECLARATION OF EDWARD H. DAVIS** <br><br> Date:   November 29, 2007 <br> Time:   2:00 p.m. <br> Dept:   Courtroom 2, 4th Floor <br><br> Complaint Filed:  September 11, 2007 |

Andrew's objections to the documents attached to Mr. Davis's Declaration are not supported by the law.  Both documents are press releases provided to the media directly by Andrew Corporation.  Moreover, both articles list Andrew Corporation as the sole source of information.  As such, the press releases are admissible as the admissions of a party-opponent.  *See* Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Libertad v. Welch*, 53 F.3d 428, 443 (1st Cir. 1995) ("We reject Appellees' contention that the press release is inadmissible hearsay.  The press release is not hearsay, but admissible evidence as an admission of a party-opponent under Fed. R. Evid. 801(d)(2)(A)."); *In re Unumprovident Corp. Sec. Litigation*, 396 F. Supp. 2d 858, 876-77 (E.D. Tenn. 2005).  Since the press releases are admissions of a party opponent, the Court need not reach Andrew's foundation and

1    authentication objections.  However, Plaintiffs note that this objection is not well taken in any case since

2    newspapers and periodicals are self authenticating.  Fed. R. Evid. 902(6); *Orloff v. Cleland*, 708 F.2d

3    372, 378 n.6 (9th Cir. 1983); *N.A.A.C.P. v. A.A. Arms, Inc.*, Case No. Nos. 99 CV 3999, 2003 WL

4    2003797, *2 (E.D.N.Y. 2003) (printouts from defendants' website admissible over defendants'

5    objections).

6         Mr. Davis' statement in Paragraph 4 that "Andrew suffered its worst quarter (FV Q3 2007 ending

7    June 2007) in Andrew's history" is also admissible.  Mr. Davis learned of this fact by reading Andrew's

8    press releases and he thus has personal knowledge of it.  As set forth above, Andrew's press releases are

9    the admissions of a party opponent and are not hearsay.  Thus, Mr. Davis's statement about the contents

10   of the press release also is not hearsay.

11

12   Dated:  November 15, 2007                              Keller and Heckman LLP

13

14                                                          By: /s/ Daniel J. Herling

15                                                             Daniel J. Herling

16                                                          Attorneys for Plaintiffs
                                                           EDDY DOMINGUEZ, NEWTON BUI,
17                                                         TAN NGUYEN and LICINO VALINO

18

19

20

21

22

23

24

25

26

27

28