Daniel J. Herling (SBN 103711)
Keller and Heckman LLP
50 California Street, Suite 1500
San Francisco, CA  94111
415.277.5952
415.277.5954

Attorneys for Plaintiffs
EDDY DOMINGUEZ, NEWTON BUI,
TAN NGUYEN and LICINO VALINO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and CLICINO VALINO,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW CORPORATION,<br><br>Defendant. | Case No. C 07-04679 CW<br><br>**PLAINTIFFS' RESPONSES TO ANDREW'S OBJECTIONS TO DECLARATION OF EDDY DOMINGUEZ**<br><br>Date:   November 29, 2007<br>Time:   2:00 p.m.<br>Dept:   Courtroom 2, 4th Floor<br><br>Complaint Filed:  September 11, 2007 |

**Paragraph 4**

Paragraph 4 is not objectionable.  First, Andrew's objection that the Stock Purchase Agreement (SPA) speaks for itself "has no support whatsoever in the law of evidence." *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006).  If a document "has been admitted into evidence and the witness is asked to paraphrase it and does so inaccurately, objection would lie on the grounds of relevance.  A mischaracterization of the contents of a document is an irrelevant waste of time." *Id.*  Here, Andrew submitted the SPA to the Court with its Motion to Dismiss in Favor of Arbitration.  Thus, Mr. Dominguez's paraphrasing of the SPA runs afoul of no rule of evidence.  Andrew has not—and cannot—argue that Mr. Dominguez has mischaracterized the contents of the SPA.

Second, Andrew's objection that Mr. Dominguez's statements about the earn-out provision lack foundation are meritless.  Mr. Dominguez states in Paragraph 2 of his Declaration that he was Cell Site

Industry's agent and signatory to the SPA; that he was involved in the negotiations of the SPA with Andrew representatives; and that he is aware of the SPA's terms and conditions. Ms. Dominguez clearly has personal knowledge of the terms of the SPA and is qualified to testify to events that occurred during negotiations with Andrew representatives. Fed. R. Evid. 602. *See California Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 989 (E.D. Cal. 2003) (noting that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge).

Next, Andrew's objection that Mr. Dominguez's statements about the earn-out provision "call for speculation as to the intent and motivation of Andrew" are also meritless. Mr. Dominguez was intimately involved in the negotiation process with Andrew and has personal knowledge of the reasons why Andrew demanded certain terms in the SPA. Mr. Dominguez may properly testify to this information. Fed. R. Evid. 602. *See California Dept. of Toxic Substances Control, supra.*

Finally, Mr. Dominguez's statements as to why Andrew demanded the earn-out provision are admissible because they are admissions of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) ("We have held that an admission by an agent within the scope of his employment is admissible."). The statements are also admissible because they are matters about which Mr. Dominguez has personal knowledge as set forth in Paragraph 2.

**Paragraph 5**

Andrew's objections to Paragraph 5 are meritless. Mr. Dominguez states in Paragraph 2 of his Declaration that he was Cell Site Industry's agent and signatory to the SPA; that he was involved in the negotiations of the SPA with Andrew representatives; and that he is aware of the SPA's terms and conditions. Mr. Dominguez clearly has personal knowledge of the terms of the SPA and is qualified to testify to events that occurred during negotiations with Andrew representatives, such as what information was exchanged between the parties and his knowledge of what each party knew or did not know. Fed. R. Evid. 602. Mr. Dominguez's testimony in Paragraph 5 regarding what Andrew "was aware of" and what

Andrew "refused to do" are therefore admissible. *See California Dept. of Toxic Substances Control*, 298 F. Supp. 2d at 989 (noting that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge).

Additionally, Mr. Dominguez's statements as to what Andrew "refused to do" and what Andrew representatives said to Mr. Dominguez are admissible because they are admissions of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, 150 F.3d at 1221 ("We have held that an admission by an agent within the scope of his employment is admissible.").

**Paragraph 6**

Andrew's objections to Paragraph 6 lack merit. First, Mr. Dominguez states in Paragraph 2 of his Declaration that he was Cell Site Industry's agent and signatory to the SPA; that he was involved in the negotiations of the SPA with Andrew representatives; and that he is aware of the SPA's terms and conditions. Ms. Dominguez clearly has personal knowledge of the SPA and is competent to testify that, as Cell Site Industry's lead negotiator, he learned in August 2006 that Andrew was engaged in negotiations to be sold to another company. Fed. R. Evid. 602. Andrew's foundation and speculation objections are inapplicable. *See California Dept. of Toxic Substances Control*, 298 F. Supp. 2d at 989 (noting that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge).

Next, anything in Paragraph 6 that contains a statement made by Andrew representatives is admissible because it is the admission of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, 150 F.3d at 1221 ("We have held that an admission by an agent within the scope of his employment is admissible.").

**Paragraph 7**

Andrew's objections to Paragraph 7 lack merit. First, Mr. Dominguez states in Paragraph 2 of his Declaration that he was Cell Site Industry's agent and signatory to the SPA; that he was involved in the

negotiations of the SPA with Andrew representatives; and that he is aware of the SPA's terms and conditions. Ms. Dominguez clearly has personal knowledge of the facts and circumstances surrounding the SPA, including the drafting of the Operating Agreement and Andrew's failure to fulfill its obligations under it. Mr. Domiguez may therefore testify to these facts. Fed. R. Evid. 602. Because this testimony is based on Mr. Dominguez's personal knowledge, Andrew's foundation objection is inapplicable. *See California Dept. of Toxic Substances Control*, 298 F. Supp. 2d at 989 (noting that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge).

Next, Mr. Dominguez's statements about the Operating Agreement are not hearsay. The Operating Agreement existed but was never implemented. (See Dominguez Supplemental Declaration, Exhibits A and B.) A witnesses may testify to his or her understanding of contractual provisions so long as they have personal knowledge. Fed. R. Evid. 602. There is no doubt that Mr. Dominguez has the requisite personal knowledge to testify about the Operating Agreement. Mr. Dominguez also has personal knowledge of Andrew's state of mind in its drafting of the Operating Agreement as it was expressed to him by Andrew's agent, Richard DeFelice, and he may properly testify to that. Because this testimony is based on Mr. Dominguez's personal knowledge, Andrew's foundation and speculation arguments are inapplicable. *See California Dept. of Toxic Substances Control*, *supra*.

Additionally, Andrew objects that Mr. Dominguez's statement, "Andrew failed to fulfill its obligations pursuant to the Operating Agreement which made it extremely difficult if not impossible for ACMC to meet the criteria necessary for Plaintiffs to be paid their earnings" is inadmissible because it contains a legal conclusion. Plaintiffs note that the Federal Rules of Evidence do not prohibit testimony embracing the ultimate issue, and thus Andrew's objection is unavailing. *See* Fed. R. Evid. 704; *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). The Federal Rules of Evidence require that lay testimony be (a) rationally based on the perception of the witness, (b) helpful to the fact finder and (c) not based on scientific or technical knowledge. Fed. R. Evid. 702. Mr. Dominguez's statement satisfies this standard and is thus admissible. First, Mr. Dominguez's statement that Andrew failed to fulfill its obligations pursuant to the Operating Agreement is based on his personal knowledge as the lead negotiator for Cell Site and as an employee of ACMC. Second, the statement is helpful to the fact finder

because it explains why it was difficult for ACMC to meet the criteria necessary for Plaintiffs to be paid their earnings. Third, the statement is not based on scientific or technical knowledge.

Moreover, any statements made by Andrew representatives are admissible as admissions of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, 150 F.3d 1217 at 1221 ("We have held that an admission by an agent within the scope of his employment is admissible.").

Finally, nothing in the Federal Rules of Evidence prevents Mr. Dominguez from describing and interpreting the Operating Agreement. *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006). Andrew's objection that this is an inadmissible opinion is baseless.

**Paragraph 8**

Andrew's objections lack merit. First, Mr. Dominguez states in Paragraph 8 that he is Business Unit Manager for ACMC, an Andrew-formed business unit comprised of former Cell Site Industry employees. Thus, Mr. Dominguez has personal knowledge of business information relating to Andrew's acquisition by CommScope, Inc. Because this is based on Mr. Dominguez's personal knowledge, Andrew's foundation objection is inapplicable. *See California Dept. of Toxic Substances Control*, 298 F. Supp. 2d at 989 (noting that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge). Andrew's objection to the "announcement" on hearsay grounds is also baseless because the announcement is the admission of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, 150 F.3d 1217 at 1221 ("We have held that an admission by an agent within the scope of his employment is admissible.").

Second, Mr. Dominguez's statement that Andrew management directed him to focus all efforts on maximizing fourth quarter revenues is admissible because it is based on Mr. Dominguez's personal knowledge of his duties and responsibilities as Business Unit Manager for ACMC. Andrew's foundation objection is therefore meritless. *California Dept. of Toxic Substances Control*, *supra*. Andrew's

objection to the "direction" by Andrew on hearsay grounds is also baseless because the direction is the admission of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, *supra*.

**Paragraph 9**

Andrew's objections lack merit.  First, Mr. Dominguez's sentence beginning with "During the course . . ." and ending with "severe consequences" (lines 13-16) is admissible because it contains the admission of a party-opponent. Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, 150 F.3d 1217 at 1221 ("We have held that an admission by an agent within the scope of his employment is admissible.").  Next, Mr. Dominguez's sentence beginning with "I am confident . . . " and ending with "earn-out criteria" (lines 18-19) is based on Mr. Dominguez's personal knowledge.  It is well known that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge. *California Dept. of Toxic Substances Control*, 298 F. Supp. 2d at 989 (noting that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge).

**Paragraph 10**

Andrew's objections lack merit.  First, Mr. Dominguez's reference to Andrew management directives are admissible because they are in effect the admission of a party-opponent.  Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."); *Hunt Wesson, Inc.*, 150 F.3d at 1221 (9th Cir. 1998) ("We have held that an admission by an agent within the scope of his employment is admissible.").  Moreover, the reference to Andrew Management directives goes to Mr. Dominguez's state of mind in that it establishes that Mr. Dominguez legitimately was concerned about damage to ACMC's business reputation.  Next, Mr. Dominguez's statements about ACMC's potential loss of

prospective customers and/or good will is based on Mr. Dominguez's personal knowledge. It is well known that foundation and speculation objections do not apply when a witness testifies to matters about which he has personal knowledge. *California Dept. of Toxic Substances Control*, 298 F. Supp. 2d at 989 (E.D. Cal. 2003).

Dated: November 14, 2007                              Keller and Heckman LLP


                                                      By: /s/ Daniel J. Herling
                                                          Daniel J. Herling

                                                      Attorneys for Plaintiffs
                                                      EDDY DOMINGUEZ, NEWTON BUI,
                                                      TAN NGUYEN and LICINO VALINO