IVOR SAMSON (SBN 052767)
isamson@sonnenschein.com
MARY KAY LACEY (SBN 142812)
mlacey@sonnenschein.com
HILLARY NOLL KALAY (SBN 233173)
hkalay@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ANDREW CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGYUEN and LICINO VALINO,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CORPORATION,<br><br>Defendant. | No. C 07-04679 CW<br><br>ANDREW CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>Date:  November 29, 2007<br>Time:  2:00 p.m.<br>Courtroom:  2, Fourth Floor<br>Honorable Claudia Wilken |

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

2         Although Andrew recognizes that under ordinary circumstances a Motion for Leave to

3    file an Amended Complaint will be liberally granted, this is not an ordinary circumstance.  Not

4    only does it appear that Plaintiffs are seeking to amend their Complaint for the transparently

5    improper purpose of avoiding contractually mandated arbitration, the timing of their requested

6    Amendment could not have been more disadvantageous to Andrew.  Approximately one week

7    after Andrew filed its  Motion to Dismiss in Favor of Arbitration, Plaintiffs notified Andrew that

8    they intended to file an Amended Complaint.  Although Plaintiffs claim their motivation is pure

9    -- i.e., "to have an operative complaint that [best] sets forth the current allegations" -- a review

10   of the Amended Complaint casts doubt on the veracity of that explanation.

11        Instead, the Proposed Amended Complaint ("Proposed Complaint") appears designed to

12   eliminate the causes of actions and claims asserted in the Original Complaint that most clearly

13   demonstrate this action is properly dismissed in favor of arbitration.  For example, apparently

14   recognizing that breach of contract claims under the Stock Purchase Agreement ("Agreement"

15   or "SPA") "arise out of" and are "related to" the SPA, and thus fall within the mandatory

16   arbitration provisions of the SPA (see Section 10(o)), Plaintiffs' Proposed Complaint eliminates

17   or limits those claims and the damages asserted therein.  In addition, Plaintiffs Proposed

18   Complaint seeks to assert two new causes of action for negligent and intentional infliction of

19   emotional harm, notwithstanding the fact that the allegations are not new at all.  Rather these

20   claims relate to purported verbal exchanges between one of the Plaintiffs, Eddy Dominquez, and

21   an Andrew supervisor that occurred well before the Original Complaint was filed.  Because

22   these recently concocted emotional distress claims are not alleged to "arise out of" the SPA, they

23   appear to be designed to a provide a basis for maintaining an Federal Court action against

24   Andrew even if the Court otherwise orders a dismissal of the original causes of action.

25        In the end, however, the new-found allegations and theories advanced in Plaintiffs'

26   Proposed Amended Complaint cannot change the fundamental nature of this lawsuit or alter the

27   fact that each of Plaintiffs' contract and tort related claims against Andrew "arise out of" and are

28   "related to" the SPA, and are thus properly dismissed in favor of arbitration.  As a result,

1   because Plaintiffs' lawsuit is properly dismissed in favor of arbitration, there is no reason to

2   grant Plaintiffs' Motion for Leave to Amend and begin this briefing process anew.  Instead, if

3   Plaintiffs have claims against Andrew that are wholly unrelated to the SPA (such as Plaintiffs'

4   new causes of action for negligent and intentional infliction of emotional harm), Plaintiffs can

5   bring those claims in a separate lawsuit, following the dismissal of the Original Complaint in

6   favor of arbitration.

7   **II.    PROCEDURAL HISTORY**

8        Plaintiffs filed their Original Complaint against Andrew on September 11, 2007 alleging

9   eight causes of action for (1) breach of contract (i.e., breach of the SPA); (2) fraud/intentional

10  misrepresentation (with respect to negotiations surrounding the SPA); (3) negligent

11  misrepresentation (same); (4) intentional interference with prospective economic relations

12  (same); (5) negligent interference with prospective economic relations (same); (6) breach of

13  implied covenant of good faith and fair dealing (related to a breach of the SPA); (7) unjust

14  enrichment and imposition of constructive trust (related to the SPA); and (8) declaratory and

15  injunctive relief (same).  Among other things, Plaintiffs' Original Complaint seeks monetary

16  relief for their breach of contract and tort claims, as well as punitive damages.

17       On September 12, 2007, plaintiffs sought injunctive relief against Andrew by filing a

18  Motion for a Temporary Restraining Order.  This Court summarily denied Plaintiffs' request for

19  a  TRO and Preliminary Injunction by Order dated October 2, 2007.  The Court's Order as to the

20  Preliminary Injunction was without prejudice, and thereafter, Plaintiffs filed a motion for

21  preliminary injunction on October 25, 2007, seeking an order from the Court enjoining Andrew

22  from violating the SPA by refusing to provide "head count" and "operating revenues" necessary

23  to allow Plaintiffs to meet "earn-out" payments contemplated under the Agreement.

24       Pursuant to an agreement by the parties, Andrew filed its responsive pleading on the

25  same day, October 25, 2007.  Andrew's responsive pleading was a Motion to Dismiss in Favor

26  of Arbitration based on the terms of the Stock Purchase Agreement entered into between the

27  parties.  Specifically, the SPA broadly mandates that all disputes "related" to and "arising out

28  of" the SPA must be arbitrated.  (*See* Lacey Declaration filed in Support of Andrew's Motion to

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

ANDREW CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Dismiss in Favor Of0. Arbitration, Exh. A, Section 10(n).) The single exception to the Agreement's broad mandate compelling arbitration involves claims for injunctive relief to specifically enforce express terms and provisions of the SPA. This is the so-called "carve-out" provision of the SPA's arbitration mandate. (*Id.*) Although Plaintiffs' Original Complaint and Motion for Preliminary Injunction assert that Plaintiffs' Complaint is properly brought in federal court pursuant to the "carve out" for injunctive relief, Andrew's Motion to Dismiss in Favor of Arbitration established that each of the substantive claims advanced in plaintiffs' Original Complaint directly "relate to" and "arise out of" the Agreement, and thus, are subject to mandatory arbitration. The need for arbitration was further confirmed by Andrew's showing that the compensatory and/or punitive damages sought in the Original Complaint could not possibly meet the SPA's "carve out" provisions for injunctive relief.

In response, Plaintiffs filed a Motion for Leave to Amend on November 6, 2007, seeking among other things, to repudiate their breach of contract causes of action and remove the compensatory and punitive damages claims related thereto.[1]

## III.    PLAINTIFFS' PROPOSED AMENDMENTS

With respect to Plaintiffs' First Cause of Action for breach of contract, Plaintiffs Original Complaint made clear that it was seeking monetary damages against Andrew for breach of the SPA based on Andrew's failure to make "earn-out" payments purportedly promised under the SPA. In addition, Plaintiffs asserted that they had met all the obligations under the SPA, and that they were seeking damages in an amount to be proven at trial. (Original Complaint, ¶¶ 29-32.) In their Proposed Amended Complaint, Plaintiffs no longer seek monetary damages from Andrew for its anticipated failure to make earn-out payments; nor do they allege that they have met all the obligations of the SPA as required to assert a monetary claim for breach of contract. Rather, Plaintiffs seek to remove Paragraph 32 of their Original Complaint, which seeks

---

[1] For the Court's convenience, Andrew has attached a redlined version of plaintiffs' proposed amended complaint, demonstrating the proposed changes between the original and proposed amended complaints. (Declaration of Mary Kay Lacey ("Lacey Decl.") at ¶ 3, Ex. A.)

-4-
ANDREW CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    monetary damages for Andrew's alleged breach of contract, and instead seek to add allegations

2    for injunctive relief. (*See* Proposed Complaint at ¶¶ 33, 34.)

3          In addition, plaintiffs seek to drop in its entirety their Sixth Cause of Action for Breach

4    of the Implied Covenant of Good Faith and Fair Dealing. (*See* Lacey Decl., ¶ 3, Ex. A at pgs.

5    13-14.) The Sixth Cause of Action is premised on the breach of contract claims set forth in the

6    First Cause of Action. It alleges that Andrew failed to act in good faith in performing its

7    obligations pursuant to the SPA, and seeks punitive damages for Andrew's alleged conduct.

8          Plaintiffs Proposed Complaint also attempts to fit the equitable claims for "Unjust

9    Enrichment" and Declaratory Relief" into the "carve out" provision for injunctive relief within

10   the SPA. The effort is straight-forward: Plaintiffs seek to simply add references to Section 10(n)

11   of the SPA -- allegations found nowhere in the Original Complaint. (*See* Lacey Decl., ¶ 3, Ex. A

12   at pgs. 14, 15.)

13         Finally, Plaintiffs' Proposed Complaint adds two entirely new causes of action for

14   negligent and intentional infliction of emotional distress. The allegations of these "new" claims

15   relate to verbal exchanges between one of the Plaintiffs, Eddy Dominquez, and an Andrew

16   supervisor, with respect to purported conversations between Mr. Dominquez and the supervisor.

17   Notably, these conversations are alleged to have occurred *before* the Original Complaint was

18   filed, and thus do not relate to facts that are newly discovered.

19         As demonstrated below, each of the proposed changes were made in direct response to

20   arguments that Andrew raised in its Motion to Dismiss in Favor of Arbitration.

21   **IV.    ARGUMENT**

22         **A.    Plaintiffs' Proposed Amended Complaint Improperly Seeks To Avoid
                   Mandatory Arbitration By Repudiating And Changing The Original
23                 Allegations**

24         When Andrew filed its Motion to Dismiss in Favor of Arbitration on October 25, 2007, it

25   examined each of the causes of action alleged in the Original Complaint, and demonstrated that

26   they are subject to mandatory arbitration under the SPA because they "arise out of" and "relate

27   to" the SPA. Further, Andrew established that none of the claims met the arbitration "carve out"

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

ANDREW CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    provision of the SPA because they seek monetary damages or equitable relief -- not injunctive

2    relief.

3         Specifically, with respect to the breach of contract and breach of the implied covenant of

4    good faith and fair dealing claims, Andrew showed that allegations that Andrew was not "acting

5    in good faith" and performing its obligations under the SPA (including its obligations as to the

6    "earn-out" provisions contemplated under Section 2(g) of the Agreement), necessarily were

7    "related to" the SPA, and thus were also necessarily within the broadly worded mandatory

8    arbitration provision of the SPA.  Andrew further established that because these same claims

9    sought monetary and punitive damages, they could not possibly be included within the SPA's

10   injunctive relief "carve-out." Similarly, Andrew demonstrated that because the other "contract

11   related" causes of action, for "Unjust Enrichment" and "Declaratory Relief" did not seek

12   injunctive relief (but were instead claims for equitable relief), those claims too failed to meet the

13   arbitration "carve out."

14        Apparently recognizing the merit of Andrew's position, Plaintiffs now seek to repudiate

15   allegations set forth in the Original Complaint by filing an Amended Complaint.  Not only does

16   Plaintiffs' Proposed Complaint seek to eliminate any breach of contract damage claim arising

17   out of a breach of the SPA, Plaintiffs seek to eliminate their entire claim for breach of the

18   implied covenant of good faith and fair dealing, as well as their prayer for punitive damages

19   arising from that claim.  In addition, and in an undisguised effort to fit their breach of contract

20   and equitable claims for unjust enrichment and declaratory relief into the SPA's injunctive relief

21   "carve out," Plaintiffs now seek to add language to those causes of action specifically

22   identifying the SPA's "carve out" provision and requesting injunctive relief thereunder.

23        Plaintiffs' gamesmanship need not, and should not, be countenanced and the Court.

24   Instead, the Court should follow the reasoning adopted by the Ninth Circuit in *PowerAgent Inc.*

25   *v. Electronic Data Systems Corp.,* 358 F.3d 1187, 1189 (9th Cir. 2004), and refuse to allow the

26   filing of an amended complaint for the purpose of avoiding arbitration.  In *PowerAgent,* the

27   defendant brought a motion to dismiss in favor in favor of arbitration which was granted by the

28   district court.  Following that ruling, plaintiff sought to amend its complaint in a manner

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    virtually identical to the proposed amendment here.  Specifically, plaintiff sought to drop certain

2    claims, and refocus its allegations on agreements that did not contain an arbitration provision.  In

3    a ruling later affirmed by the Ninth Circuit, the district court refused to allow the amendment,

4    finding that "a plaintiff should not be allowed to contradict allegations of a prior complaint to

5    avoid arbitration." (*Id.*)  The same result is equally compelled here based on the same

6    reasoning: that is, Plaintiffs should not be allowed to eliminate allegations, or otherwise refocus

7    their Complaint, for the purpose of avoiding arbitration.

**B.      Any Claims Against Andrew That Do Not "Arise Out Of" And "Relate To" The SPA Can Be Brought In A Separate Lawsuit Following Dismissal Of The Instant Action in Favor Of Arbitration**

10    Given the foregoing, it is evident that Plaintiffs cannot provide a good faith basis for the

11    Court to grant their Motion for Leave to Amend.  On the contrary, while Plaintiffs seek to avoid

12    mandatory arbitration by eliminating claims and changing the relief requested, the effort is

13    unavailing because the key allegations against Andrew, in both the Original and the Proposed

14    Amended Complaint, still "arise out of" and "relate to" the SPA: (1) Andrew is alleged to be

15    impeding Plaintiffs' ability to make approximately $10 million in possible earn-out payments

16    contemplated under the SPA; and (2) Andrew is alleged to have engaged in improper conduct in

17    negotiating the SPA, and improperly induced Plaintiffs to enter into the SPA, thereby causing

18    monetary damages to Plaintiffs.  In short, there is no "just" reason for this Court to grant

19    Plaintiffs' Motion for Leave to File an Amended Complaint.

20    As a result, and as a procedural matter, Andrew submits that the Court should rule first

21    on Andrew's pending Motion to Dismiss in Favor of Arbitration, and dismiss the Original

22    Complaint in its entirety, thereby obviating the need for Plaintiffs to file an Amended

23    Complaint.  Proceeding in such a manner would not only be fair to Andrew, since its Motion to

24    Dismiss was pending when Plaintiffs sought to amend their complaint, it would not prejudice

25    Plaintiffs, because any "new" claims Plaintiffs have against Andrew that do not "arise out of" or

26    "relate to" the SPA can be brought in a separate action once the Original Complaint is

27    dismissed. *See e.g., City of South Pasadena v. Mineta*, 284 F.3d 1154, 1156 (9th Cir. 2002)

28    (recognizing that new claims may be brought in separate lawsuit); *Stiller v. Colangelo*, 221

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  F.R.D. 316, 317 (D. Conn. 2004) (denial of leave to amend may be appropriate when the denial

2  will not prevent plaintiff from having his additional claims heard); *Roberson v. Bates*, 2006 WL

3  1097385 at *1 (E.D. Cal. April 26, 2006) (denying motion for leave to amend to include

4  tangentially related claims and noting that plaintiffs may pursue claims in a new lawsuit).

5       As in the cases cited above, Plaintiffs "new" claims for negligent and intentional

6  infliction of emotional distress do not appear to be related to the SPA, and thus could be

7  separately filed in a new lawsuit following dismissal of the instant action. This approach is not

8  only more workable -- as it allows those claims that are subject to the mandatory arbitration

9  provisions of the SPA to proceed in arbitration while the non-arbitrable claims are litigated in

10  state or federal court, it fulfills the intent of the parties in agreeing to mandatory arbitration for

11  all claims "arising out of" and "related to" the SPA. *See, e.g., Republic of Nicaragua v.*

12  *Standard Fruit Co.,* 937 F. 2d 469, 477-78 (9th Cir. 1991), *cert denied*, 503 U.S. 919 (1992).

13       Finally, this approach will also allow the parties to proceed to litigate the non-arbitrable

14  claims in the manner most appropriate to those claims. For instance, while Plaintiffs proposed

15  claims for "negligent and intentional infliction of emotional distress" do not appear subject to

16  mandatory arbitration under the SPA, they may be subject to dismissal on other grounds, and

17  raising those claims in a separate action will allow the litigation to proceed in a more efficient

18  manner.[2]

19   

20  [2] Specifically, Mr. Dominguez' claims for intentional and negligent infliction of emotional
distress based on alleged verbal altercations between Mr. Dominguez and an Andrew supervisor

21  would be subject to dismissal at the pleading stage in the absence of a claim for violation of a
statute or wrongful termination in violation of public policy. "[A]n employee generally cannot

22  recover for emotional distress resulting from his or her employment (or termination) unless the
employee has a tort cause of action for wrongful termination in violation of public policy."

23  *Harber v. American Airlines*, 2004 U.S. Dist. Lexis 21396 at page 14 (granting motion to
dismiss intentional infliction of emotional distress claim without leave to amend where plaintiff

24  is unable to maintain a cause of action for wrongful termination in violation of public policy);
*See, Phillips v. Gemini Moving Specialists*, 63 Cal.App.4th 563, 576-577 (1998) ("It is true that

25  generally an employee can have no tort recovery for emotional distress resulting from his
employment. The emotional distress which stems from an employer's unfavorable supervisory

26  decisions, including termination of employment, is a normal part of the employment
relationship, even when the distress results from an employer's conduct that is intentional, unfair

27  or outrageous. Thus, the employee is left to his workers' compensation remedy. ... However, a
plaintiff *can* recover for infliction of emotional distress if he or she has a tort cause of action for

28  wrongful termination in violation of an express statute because then emotional distress damages
are simply a component of compensatory damages.")

ANDREW CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1

**V.    CONCLUSION**

2         For each of the reasons discussed above, Plaintiffs' Motion for Leave to File an

3    Amended Complaint should be denied.  Further, Andrew requests that the Court issue an Order

4    requiring any new claims against Andrew by Plaintiffs that are unrelated to the Stock Purchase

5    Agreement be brought in a separate Complaint following dismissal of the Original Complaint in

6    favor of arbitration.

7

8                                               Respectfully submitted,

9    Dated: November 16, 2007                   SONNENSCHEIN NATH & ROSENTHAL LLP

10

11                                              __/S/ MARY KAY LACEY_____
                                                MARY KAY LACEY

12                                              Attorneys for Defendant
13                                              ANDREW CORPORATION

14

15         27283153

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

ANDREW CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND