Daniel J. Herling (SBN 103711)
Keller and Heckman LLP
50 California Street, Suite 1500
San Francisco, CA  94111
Telephone: 415.277.5952
Facsimile: 415.277.5954

Attorneys for Plaintiffs
EDDY DOMINGUEZ, NEWTON BUI,
TAN NGUYEN and LICINO VALINO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and LICINO VALINO, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW CORPORATION, <br><br> Defendant. | Case No. C 07-04679 CW <br><br> **PLAINTIFFS' REPLY TO MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date: November 29, 2007 <br> Time: 2:00 p.m. <br> Dept: 2 |

## I.  INTRODUCTION

As has been the practice, to date, in this action, Andrew makes broad statements to the Court that are not supported by the facts.

The causes of action in the proposed Amended Complaint ("FAC") that were amended and/or deleted were done so because the allegations in the original Complaint ("OC") were (1) superseded by actions of Andrew and (2) due to Andrew's intentional or negligent non-response to a legitimate complaint to its human resources department.

Since Andrew has refused to stipulate to the filing of the FAC, despite an offer to amend its briefing in order to address the operative allegations in the FAC, Andrew's argument that the Amended Complaint was done so to avoid arbitration is specious.

## II.  PLAINTIFFS' PROPOSED AMENDMENTS

Prior to the filing of the Complaint on September 11, 2007, the following interchange between the

1  plaintiffs and defendant Andrew Corporation took place:  (1) Plaintiffs had requested on numerous
2  occasions that Andrew pay them money that it owed under its obligations pursuant to the SPA as set
3  forth in paragraphs 22 and 31 of the OC; and (2) Plaintiff Dominguez had reported the threats of Andrew,
4  through its agent and his immediate supervisor, Richard DeFelice, to Andrew's local human resources
5  office.  Dominguez Declaration ¶¶2-5.

6  Andrew took no action on either point (1) or (2) until after the September 11, 2007, Complaint
7  was filed and the Application for Writ of Attachment and Application for Temporary Restraining Order
8  on Preliminary Injunction were filed.

9  Between the September 11, 2007, filing date of the OC and the date Andrew was requested to
10 stipulate to the filing of the FAC (November 1, 2007), Andrew paid the amounts owed as alleged in
11 plaintiffs' Complaint in allegations 22 and 31 of the OC.  Dominguez Declaration ¶ 3.  As is noted in the
12 Dominguez Declaration, the letter from Andrew was undated (Exhibit A) but specifically reflected the
13 amounts requested in the OC.

14 Since this money was paid, the claims in the First Cause of Action for Breach of Contract for
15 Specific Monetary Amounts and the claim for Breach of Good Faith and Fair Dealing were superseded
16 by Andrew's own actions.

17 Between the September 11, 2007, filing date of the Complaint and the date Andrew was requested
18 to stipulate to the filing of the amended Complaint, November 1, 2007, Andrew commenced an
19 investigation of the complaint made by plaintiff Dominguez to the human resources department.  This
20 investigation included a September 28, 2007, interview of Mr. Dominguez.  Dominguez Declaration ¶ 5.

21 Despite several requests by both Mr. Dominguez and counsel for Dominguez, as of the date of the
22 request to amend the Complaint made to Andrew and, in fact, as of the date of this reply brief, no report
23 from Andrew has been made available to plaintiff Dominguez regarding his claims.  Dominguez
24 Declaration ¶ 5. Accordingly, the claims relating to Intentional and Negligent Infliction of Emotional
25 Distress made by plaintiff Dominguez were part of the FAC.

26 Andrew's claim that "each of the proposed changes were made in direct response to arguments
27 that Andrew raised in its Motion to Dismiss in Favor of Arbitration (Andrew Opposition at 5:19-20)
28 borders on counsel's own "illusions of grandeur."  Rather, the proposed changes were made in direct

1  response to actions and non-actions of Andrew.  The FAC clarified the OC to ensure that the Court

2  would have an opportunity to rule on the pending motions based on the plaintiffs' operative allegations

3  and not on allegations that were either superseded or had not been set forth by plaintiffs.

4  Rather than Andrew's claim of "gamesmanship" on the part of the plaintiff (Andrew Opposition,

5  6:23), the reasons for the filing of the FAC were legitimate and solely due to Andrew's actions and/or

6  failure to act.

7  Case law cited by Andrew does not support its argument.  In *Power Agent, Inc. v. Electronic Date

8  Systems Corp.*, 358 F.3d 1187 (9th Cir. 2004), the Court addressed a situation where arbitration had

9  already occurred and the motion at issue was a request to set aside the arbitration award.

10  The only rulings of the Court thus far in this case have been its denial of the Temporary

11  Restraining Order and the Ex Parte Application for Writ of Attachment.  Despite the Court's ruling on

12  the Writ of Attachment, Andrew paid the sums that it owed in accordance with the allegations of the OC

13  and therefore mooted the allegations in the OC.

14  The Court has yet to rule on the motion for arbitration and, therefore, any reliance on *Power

15  Agent, Inc.* is misplaced.  Again, Andrew should not be permitted to benefit (as it has attempted on each

16  of the pending motions) by virtue of its acts or its failure to act.  Andrew's attempt to reargue its

17  positions as set forth in the Motion to Arbitrate and the Opposition for Preliminary Injunction should be

18  ignored.  Once again, Andrew misses the point of the claims of the plaintiffs.  Andrew lied to plaintiff

19  about its agreement to the Operational Plan of Record, a separate document, demanded to be separate by

20  Andrew (See Plaintiffs' Opposition to Motion to Arbitrate and Reply to Preliminary Injunction) and now

21  Andrew tries to make the argument that the SPA embodies the Operational Plan of Record despite

22  statements made by its own agents to the contrary.  (See Declaration of Dominguez, filed in support of

23  Reply to Motion for Preliminary Injunction.)

24  Andrew's argument that the Court should rule first on the pending Motion to Dismiss in Favor of

25  Arbitration would result in an injustice.  Its claim that proceeding in such a manner would not only be

26  fair to Andrew ignores the fact that Andrew specifically rejected an opportunity to file an amended brief

27  on the motion for arbitration based on the operative allegations that the plaintiffs were making in this

28  case.  Instead, Andrew is artificially attempting to preclude the plaintiffs from bringing an action before

Case No. C 07-04679 CW                    3
PLAINTIFFS' REPLY TO MOTION FOR LEAVE TO AMEND COMPLAINT

1 the Court that it is entitled to do so.

2 Unlike cases where a request to amend a complaint has been denied, there will be no delay in the
3 proceedings if the Amended Complaint is permitted. Andrew cannot be permitted to benefit from its
4 refusal to take advantage of an opportunity to file an amended brief on the Motion to Dismiss in favor of
5 arbitration. Therefore, cases such as *Roberson v. Bates*, 2006 WL 107385 (E.D. Cal.) where the Court
6 addressed a situation where a motion for summary judgment had already been filed, are inapposite to the
7 facts of this case.

8 Andrew's reliance on *Stiller v. Colangelo*, 221 F.R.D. 316 (D. Conn. 2004) is again misplaced.
9 In *Stiller*, the case had been pending for two years, discovery had been completed, and Colangelo had
10 filed for summary judgment. In the current case, the matter had been pending for less than two months
11 when the proposed FAC was filed, no discovery had taken place, nor had there been any motions filed
12 for summary judgment.

13 Andrew's reliance upon *City of South Pasadena v. Mineta*, 284 F.3d 1154 (9th Cir. 2002) is
14 unavailing since Judge Kosinski answered a question in that case that is not before this Court: Is the state
15 of California barred from invoking its sovereign immunity in Federal Court because it waived this
16 immunity through participation in a predecessor lawsuit? The answer to that question has no bearing on
17 the issues before this Court.

18 None of the cases cited by Andrew and none of the facts in this case trump the Ninth Circuit long
19 history of permitting amended complaints as was set forth in *Eminence Capital LLC v. Aspeon*, 316 F.3d
20 1048, 1051 (9th Cir. 2003). Andrew makes no legitimate argument that would militate against the Ninth
21 Circuit policy of granting leave being applied with "extreme liberality."

22 **III. PLAINTIFF DOMINGUEZ'S CLAIMS FOR INFLICTION OF EMOTIONAL DISTRESS ARE VALID UNDER CALIFORNIA LAW AND SHOULD BE BROUGHT BEFORE THIS**
23 **COURT AT THE SAME TIME AS THE OTHER CLAIMS AS ALLEGED IN THE FAC**

24 As is set forth in detail in the Declaration of Eddy Dominguez, he was a target of outrageous
25 conduct of Andrew through its agent, Richard DeFelice, his immediate supervisor. The conduct began as
26 derogatory statements relating to his ethnicity. These statements escalated into direct threats of physical
27 violence toward him. Dominguez Declaration ¶ 4.

28 Dominguez reported these comments to Andrew's local human resources department in Milpitas,

1 California, prior to the filing of the original Complaint.  Andrew undertook no action until after the

2 aforementioned Complaint was filed.  On September 28, 2007, Dominguez participated in an initial

3 interview.  Later, he had a second interview conducted by Andrew's employment counsel, Sang-yul Lee.

4 Dominguez Declaration ¶ 5.  To date, neither Dominguez nor his counsel has heard anything from

5 Andrew and/or its counsel relating to the investigation.  Dominguez Declaration ¶ 5.

6       The only possible delay related to the filing of the claims for infliction of emotional distress lay at

7 the feet of Andrew and its failure to respond in a timely fashion to complaints made to it by one of its

8 employees.

9       Defendant's claim that plaintiff Dominguez's claims would be subject to dismissal at the pleading

10 stage in the absence of a claim for violation of a statute or wrongful termination in violation of public

11 policy (Andrew's Opp. At 8:fn. 2) misstates California law.

12       Judge Alsup, in *De Ruiz v. Courtyard Management Corp. ,et al.,* 2006 U.S. Dist. LEXIS 53935

13 (July 21, 2006) addressed the identical claim being made by Andrew.  Judge Alsup reasoned:

> . . . In any event, the conclusion that an employee may never bring a claim against an individual manager for IIED because defendant cannot be held liable for wrongful discharge is not settled California [*9] law. Notwithstanding *Phillips*, a long line of decisions have held individual managers, as well as employers, liable for IIED. *See Colunga v. Dobbs Int'l Servs., Inc.* No. C 00-03957 WHA (Jan. 2, 2001) (citing *Cabesuela,* 68 Cal.App.4th at 101; *Accardi v. Super. Ct.* 17 Cal.App.4th 341, 21 Cal.Rptr. 2d 292 (Cal. Ct. App. 1993); *Agarwal v. Johnson*, 25 Cal.3d 932, 160 Cal.Rptr. 141, 603 P.2d 58 (1979); *Alcorn v. Anbro Eng'g,* 2 Cal.3d 493, 86 Cal.Rptr. 88, 468 P.2d 216 (1970)). *Id. at 8-9.*

20       Accordingly, plaintiffs have met their burden to permit amendment of the Complaint adding these

21 causes of action.

## IV.  CONCLUSION

23       Notwithstanding Andrew's speculation as to the reasons why the Complaint was amended, it is

24 clear that the Amended Complaint was the direct result of actions taken by Andrew once the original

25 Complaint was filed.  In order to provide the Court with the actual operative allegations being made by

26 the plaintiff at this time, plaintiffs' amended their Complaint.  The FAC clearly meets the guidelines of

27 the Ninth Circuit, which is to allow liberal amending of complaints.

28       The filing of the Amended Complaint will not result in any undue delay as there has been no

1  answer filed in this action, no discovery has taken place, and Andrew refused the offer to amend its
2  briefing based upon the allegations in the First Amended Complaint as to the Motion to Dismiss in favor
3  of Arbitration.

4   In essence, Andrew, through its own actions, changed the facts upon which claims were being
5  brought by the plaintiffs.  After changing these facts, Andrew now refuses to permit an amended
6  complaint and is requesting the Court to issue an Order based upon mooted, superseded, and amended
7  facts.

8   It is respectfully requested that the Court permit the First Amended Complaint to be filed.

Dated:  November 20, 2007                                  Keller and Heckman LLP


By: _____
     Daniel J. Herling

Attorneys for Plaintiffs
EDDY DOMINGUEZ, NEWTON BUI,
TAN NGUYEN and LICINO VALINO