Daniel J. Herling (SBN 103711)
Keller and Heckman LLP
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: 415.277.5952
Facsimile: 415.277.5954

Attorneys for Plaintiffs
EDDY DOMINGUEZ, NEWTON BUI,
TAN NGUYEN and LICINO VALINO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGUYEN and LICINO VALINO, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW CORPORATION, <br><br> Defendant. | Case No. C 07-04679 CW <br><br> **DECLARATION OF EDDY DOMINGUEZ IN SUPPORT OF PLAINTIFFS' REPLY TO MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date: November 29, 2007 <br> Time: 2:00 p.m. <br> Dept: 2 |

I, Eddy Dominguez, declare:

1.      I am a plaintiff in this matter. I am a resident of the state of California over the age of 18 years. I am aware of the following facts of my own personal knowledge. If called as a witness, I could and would competently testify to the facts contained in this Declaration of my own personal knowledge.

2.      I was a shareholder in Cell Site Industries, Inc. (CSI) and was also the seller's agent and the seller's signatory to the Stock Purchase Agreement (SPA) between Andrew Corporation and CSI. As such, I was involved in the negotiations of the SPA and am aware of its terms and conditions. I have also reviewed the Complaint that was filed on my behalf on September 11, 2007. As was alleged in the original Complaint, at paragraph 31, Andrew breached the SPA by failing, under Section 2(c) of the SPA, to deposit funds into an escrow account, under Section 2(h) by failing to make the retention payments for the last three quarters; and under Section 2(i) by failing to make payments to David Stout,

1    all as required by the terms of the SPA. In fact, each and every payment required under the SPA and

2    made by Andrew has been made in a delinquent fashion.

3        3.    As a result of Andrew's continuing delay in making the required payments, I requested

4    from Andrew on numerous occasions that it abide by the terms and conditions of the SPA. It was not

5    until after the Complaint was filed on September 11, 2007, and the Application for Writ of Attachment

6    and Motion for Restraining Order and Preliminary Injunction did Andrew respond to my overtures

7    requesting payment. Specifically, I received an undated letter from Mickey Miller, Group President of

8    Wireless Network Solutions, a division of Andrew Corporation, correspondence addressed to myself and

9    my former partners of CSI and plaintiffs in this action, that Andrew Corporation wired monies that were

10   owed under the terms and conditions of the SPA. Attached and incorporated and marked as Exhibit A is

11   a true and correct copy of the letter, as well as a breakdown of the payments made by Andrew

12   Corporation. Once these payments were made, the claims in paragraph 31 of the original Complaint

13   were no longer at issue.

14       4.    I was the target of a series of outrageous conduct of Andrew through its agent Richard

15   DeFelice and my immediate supervisor. This conduct began as derogatory statements relating to my

16   ethnicity. I am a Cuban American who came to the United States in 1980. These statements escalated

17   into direct threats of physical violence toward me.

18       5.    I reported these comments to Andrew's local human resources department in Milpitas,

19   California prior to the filing of the original Complaint. Andrew undertook no action until after the

20   aforementioned Complaint and motions were filed. On September 28, 2007, I was interviewed by Gary

21   P. Scholick, Esq., from Independent Employment Counsel, LLP. I had a second interview with

22   Andrew's employment counsel, including Sang- yul Lee. After this interview, I requested of Mr. Lee on

23   several occasions the status of the report. I received no response from Mr. Lee. As I was receiving no

24   response from Andrew relating to the threats of violence against me, I instructed my counsel to amend

25   the Complaint to include causes of action of Intentional and Negligent Infliction of Emotional Distress.

26   As of the date of the signing of this Declaration, I have yet to hear anything from Andrew and/or its

27   counsel relating to the investigation.

28       I declare under penalty of perjury under the law of the state of California that the foregoing is true

1 | and correct. Executed this 20th day of November, 2007.

Eddy Dominguez

DECLARATION OF EDDY DOMINGUEZ IN SUPPORT OF PLAINTIFFS' REPLY TO MOTION FOR
LEAVE TO AMEND COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DECLARATION OF EDDY DOMINGUEZ IN SUPPORT OF PLAINTIFFS' REPLY TO MOTION FOR
LEAVE TO AMEND COMPLAINT



**Mickey Miller**
*Group President*
*Wireless Network Solutions*

*Andrew Corporation*
*2601 Telecom Parkway*
*Richardson, TX U.S.A. 75082*
*Tel: (972) 952-9775*
*Fax: (972) 952-0011*
*Email:mickey.miller@andrew.com*

Eddy Dominguez, Newton Bui,
Tan Nguyen and Licinio Valino
c/o Andrew CSI
1940 Milmont Drive
Milpitas, CA 95035

Re:    CSI Payments

Dear Eddy, Newton, Tan and Licino,

Please note that Andrew Corporation has wired today to your respective bank accounts (per the wiring information previously provided to us), your pro rata portion of the aggregate amounts set forth under the following items, which we believe consist of each of the amounts and items currently outstanding and payable to you:

- Retention Bonus Payments:  $250,000 which in the aggregate covers payments for November 2006 through January 2007; February 2007 through April 2007; and May 2007 through July 2007 pursuant to Section 2(h) of the Stock Purchase Agreement of April 24, 2006;
- Stout Bonus Remainder Payment:  $150,000, per Eddy's July 10, 2007 email correspondence with Richard DeFelice and Mike Goetting under the subject title "CSI Issues Closure"; and
- Federal Tax Refunds for certain of CellSite's Pre-Acquisition Periods:  $201,705 per the above mentioned July 10, 2007 email correspondence.

For further clarification, the pro rata portions (based on your prior shareholdings of CellSite) of the above aggregate amounts sent to you individually is as provided in the attached spreadsheet.

If any of you should have any questions, please contact me.

Sincerely,

Mickey Miller
President, Wireless Network Solutions
Andrew Corporation

Dominguez, Bui, Nguyen, Valino
October 2, 2007
Page 2 of 2

**Retention Payments**
(November 06-January 07) Pay
February 07

| | |
|---|---|
| Newton Bui | $26,388.01 |
| Eddy Dominguez | $26,388.01 |
| Tan Nguyen | $26,388.01 |
| Licinio Valino | $4,169.30 |

(February 07-April 07) Pay May 07

| | |
|---|---|
| Newton Bui | $26,388.01 |
| Eddy Dominguez | $26,388.01 |
| Tan Nguyen | $26,388.01 |
| Licinio Valino | $4,169.30 |

(May 07-July 07) Pay August 07

| | |
|---|---|
| Newton Bui | $26,388.01 |
| Eddy Dominguez | $26,388.01 |
| Tan Nguyen | $26,388.01 |
| Licinio Valino | $4,169.31 |
| | $250,000.00 |


**Stout Software Payment**

| | |
|---|---|
| Newton Bui | $47,498.00 |
| Eddy Dominguez | $47,498.00 |
| Tan Nguyen | $47,498.00 |
| Licinio Valino | $7,506.00 |
| | $150,000.00 |


**Tax Refund**

| | |
|---|---|
| Newton Bui | $63,871.12 |
| Eddy Dominguez | $63,871.12 |
| Tan Nguyen | $63,871.12 |
| Licinio Valino | $10,091.64 |
| | $201,705.00 |