SANDRA McCANDLESS (SBN 057740)
smccandless@sonnenschein.com
MARY KAY LACEY (SBN 142812)
mlacey@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ANDREW CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDDY DOMINGUEZ, NEWTON BUI, TAN NGYUEN and LICINO VALINO,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CORPORATION,<br><br>Defendant. | No. C 07-04679 CW<br><br>ANDREW CORPORATION'S MOTION TO DISMISS PLAINTIFFS' NON-STAYED (EIGHTH AND NINTH) CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT<br><br>Date: January 31, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2, Fourth Floor<br>Honorable Claudia Wilken |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS, THEIR ATTORNEY OF RECORD, AND TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on January 31, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2 of the United States District Court for the Northern District, located at 1301 Clay Street, Department 2 in Oakland, California, defendant Andrew Corporation will move, and hereby does move, to dismiss the non-stayed causes of action remaining in Plaintiffs' Amended Complaint -- that is: the Eighth Cause of Action ("Intentional Infliction of Emotional Distress") and Ninth Cause of Action ("Negligent Infliction of Emotional Distress") in the First Amended Complaint for failure to state a cognizable claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

Andrew's motion is based on this Notice, the following Memorandum of Points and Authorities, all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to this Court's December 4, 2007 Order, the Plaintiffs, Eddy Dominguez, Newton Bui, Tan Nguyen, and Licino Valino, were permitted to amend their original Complaint against Andrew Corporation ("Andrew") to add new causes of action for intentional and emotional infliction of emotional distress. While permitting such amendment, the Court allowed Andrew to bring a Motion to Dismiss those newly asserted claims. By this motion, Andrew requests that the Court dismiss these two new claims on the grounds that they cannot be asserted in the absence of a claim for wrongful termination in violation of public policy or for violation of a statute, and that the exclusive remedy for such stand alone claims lies within the California statutory scheme of workers' compensation law. Based on the relevant facts and applicable case law below, this Court should dismiss Plaintiffs' Eighth and Ninth causes of action for intentional and negligent infliction of emotional distress. Fed. R. Civ. Proc. 12(b)(6).

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs filed a Complaint against Andrew on September 11, 2007, alleging eight causes of action for (1) breach of the contract pursuant to which the four Plaintiffs, former shareholders of a company named CellSite Industries, Inc. ("CSI") sold their the company to Andrew under a Stock Purchase Agreement (the "SPA") (First Cause of Action); (2) alleged fraud and intentional and negligent misrepresentation during negotiation of the SPA (Second and Third Causes of Action); (3) alleged intentional and negligent interference with prospective economic relations by subsequently failing to provide certain resources during the first and second year after the sale of CSI (Fourth and Fifth Causes of Action); (4) breach of the implied covenant of good faith and fair dealing in performing its subsequent obligations under the SPA (Sixth Cause of Action); (7) unjust enrichment and imposition of constructive trust as related to monies allegedly wrongfully obtained (Seventh Cause of Action) and (8) declaratory and injunctive relief to provide headcount and capital resources (Eighth Cause of Action).

With two supporting Declarations from Plaintiff Dominguez, plaintiffs also filed pleadings in support of a Motion for a Temporary Restraining Order and an Application for a

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Right to Attach Order against Andrew. (Docket #3-7.) This Court denied Plaintiffs' Motion and Application by Order dated October 2, 2007. (Docket # 12.)

On October 25, 2007, Plaintiffs re-filed their Motion for a TRO as a Motion for Preliminary Injunction against Andrew. (Docket # 15.) That same day, Andrew filed a Motion to Dismiss Plaintiff's Complaint in Favor of Arbitration or, alternatively, to Stay in Favor of Arbitration because all claims against Andrew were subject to the mandatory arbitration provisions of the SPA. (Docket # 21.)

Thereafter, and almost two months after the filing of their original Complaint and related pleadings, Plaintiffs filed a Motion for Leave to Filed Amended Complaint on November 6, 2007. According to Plaintiffs' Motion, "The Amended Complaint … [was] necessitated as a result of several events that have either superseded, added to, or mooted several of the allegations made in the original Complaint that was filed on September 11, 2007." (Docket # 27.) Andrew opposed that Motion on the grounds that Plaintiffs' Amended Complaint improperly sought to re-characterize the same allegations and causes of action set forth in the original Complaint for the sole purpose of avoiding arbitration. Further, the only new causes of action set forth in the Amended Complaint -- the Eight and Ninth Causes of Action for intentional and negligent infliction of emotional distress -- were not new at all, but instead rested on allegations of conduct that pre-dated the filing of the original Complaint. Specifically, the two additional emotional distress claims alleged that Andrew, through its agent Richard DeFelice, made statements beginning as early as the April 24, 2006 (when the Stock Purchase Agreement was executed) which led Dominguez to suffer emotional distress. (Docket # 51 at ¶¶18, 73.)

Although the Eighth and Ninth Causes of Action for intentional and negligent infliction of emotional distress were purportedly brought on behalf of all Plaintiffs, no allegations of emotional distress are actually alleged by Plaintiffs Newton Bui, Tan Nguyen, and Licino Valino. Rather, the claims of emotional distress relate solely to conduct involving Dominguez and DeFilice. According to the factual allegations of the Amended Complaint, "[a]s of the execution of the SPA, Andrew Corporation, through its agent DeFelice commenced a series of

outrageous conduct, which began as derogatory statements relating to Plaintiff Dominguez' [Cuban American] ethnicity." (Docket # 51 at ¶ 73.) These statements allegedly "escalated into direct threats of physical violence" over the telephone on two occasions, once in a telephone call allegedly made to Dominguez' wife and a second time to Dominguez directly. (*Id.*) The Amended Complaint further alleges that "[t]hese events crescended [sic] into Andrew, through its agent DeFelice, engaging in a campaign to dissuade Plaintiff Dominguez and indirectly the other Plaintiffs, from filing any lawsuit against Andrew for its failure to comply with the terms of the SPA and the Operating Agreement." (*Id.* at ¶ 75.) In the course of his alleged comments to Dominguez, DeFelice allegedly "invoked the names of senior personnel at Andrew." (*Id.*)

Notably, these allegations make clear that DeFelice's alleged statements did not "supercede," "add to", or "moot" the allegations of the original Complaint. The events complained of in the Eighth and Ninth Causes of Action allegedly commenced with the execution of the SPA and culminated in a purported attempt to dissuade the Plaintiffs from filing suit. These, of course, are events which would have necessarily pre-dated the filing of the Complaint. Moreover, while Dominguez allegedly "invoked" the names of his superiors, there is no allegation that anyone at Andrew was ever made aware of these newly added allegations prior to the filing of Plaintiffs' original Complaint.

On December 4, 2007, the Court denied Plaintiffs' Motion for a Preliminary Injunction and granted Andrew's Motion to Compel Arbitration. (Docket # 54.) In addition, finding that Plaintiffs were permitted to amend their original Complaint once as a matter of right before Andrew filed a responsive pleading (and that Andrew's Motion to Dismiss in Favor of Arbitration was *not* such a pleading), the Court granted Plaintiffs' Motion for Leave to Amend the Complaint. (*Id.*) In addition, the Court referred the two new emotional distress claims to non-binding arbitration, but retained jurisdiction of the case to allow Andrew to file a motion to dismiss the emotional distress claims. (*Id.* at 13:10-11) Plaintiffs filed their Amended Complaint immediately after oral argument on the Motion, on November 29, 2007. (*See* Docket # 51.)

### III. THE CLAIMS FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ANDREW CORPORATION FAIL AS A MATTER OF LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint or a claim for relief therein for "failure to state a claim upon which relief can be granted." Such a motion tests the legal viability of a cause of action. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

The causes of action for intentional and negligent infliction of emotional distress alleged against Andrew are premised upon alleged verbal exchanges between one of the four Plaintiffs, Eddy Dominquez, and an Andrew supervisor, DeFelice, and between DeFelice and Dominguez' wife. Under established California case law, claims by employees against an employer are subject to dismissal in the absence of a claim for violation of a statute or wrongful termination in violation of public policy.

As this Court recognized in *Harber v. American Airlines,* 2004 WL 2324112 at *5 (N.D. Cal., Oct. 12, 2004), "[A]n employee generally cannot recover for emotional distress resulting from his or her employment (or termination) unless the employee has a tort cause of action for wrongful termination in violation of public policy." The *Harber* court granted a motion to dismiss an intentional infliction of emotional distress claim without leave to amend where the plaintiff was unable to maintain a cause of action for wrongful termination in violation of public policy. *See also Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 577 (1998) (when plaintiff has alleged a cause of action for wrongful termination of public policy or wrongful termination in violation of an express statute, emotional distress damages are recoverable as a component of compensatory damages).

However, absent a claim for violation of an express statute or a fundamental principle of public policy, an employee cannot assert a viable claim against the employer. *See, e.g., Giovati v. Salem Comm. Corp.*, 2005 WL 45046 at *9 (Cal. App., Jan. 11, 2005) (granting summary judgment claim disposing of intentional and negligent emotional distress claims where no valid claim for termination in violation of public policy existed).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

*De Ruiz v. Courtyard Management Company*, 2006 WL 2053505 (N.D. Cal. July 21, 2006), which was cited by Plaintiffs in their Reply on the Motion for Leave to Amend, is completely in accord with this principle. *DeRuiz* involved a motion to remand where a former employee sued her employer and her individual supervisor. *Id.* at *1.[1] At issue in *DeRuiz* were multiple claims arising out of an employer's alleged statutory violation of the Labor Code, which codified "the state's fundamental public policy prohibiting an employer from discriminating against an employee for making a health and safety complaint." The fact that the *DeRuiz* plaintiff *did* raise claims of public policy violation in the complaint was of critical importance in the court's analysis. As the court stated:

> [P]laintiff here argues that Labor Code § 6310 codifies the state's fundamental public policy prohibiting an employer from discriminating against an employee for making a health or safety complaint. This order agrees. Labor Code § 6310 provides that "[n]o person shall discharge or in any manner discriminate against any employee because the employee has . . . [m]ade any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative." While plaintiff in the instant matter reported the violation to hotel management rather than a government agency, the principle behind the fundamental public policy remains the same: retaliation against workers who report violations of health and safety rules is unacceptable. *Id.* at *2.

Thus, *DeRuiz* does not contradict the directly controlling line of cases holding that an employee cannot maintain a cause of action for emotional distress against a corporate employer defendant in the absence of a valid statutory violation or tort cause of action for wrongful termination in violation of public policy. Here, Plaintiffs have alleged no cause of action for wrongful termination in violation of public policy or for violation of a statute. Indeed, Andrew's case for dismissal is particularly compelling in this instance where four Plaintiffs have purported to file claims for intentional and negligent infliction of emotional distress against their the defendant employer based on statements allegedly made to only one of them and to that individual's wife.

---

[1] The employer argued that the intentional infliction of emotional distress claim was brought against the supervisor solely to defeat diversity jurisdiction. *Id.* The Court agreed and granted Defendant's Motion to Remand for Fraudulent Joinder. *Id.* at *4.

Given the allegations of Plaintiffs' Amended Complaint, and the fact that no statutory or public policy violations are alleged by Dominguez against Andrew, the remedy for Plaintiffs emotional distress claims against Andrew lies within the exclusive remedy of workers' compensation law. This is so because a stand alone cause of action for emotional distress by an employee against his employer lies within the exclusive remedy of workers' compensation law. *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 577 (1998) (emotional distress claim is a normal part of the employment relationship, *even when the distress results from an employer's conduct that is intentional, unfair or outrageous*) (emphasis supplied). Thus, the employee is left to his workers' compensation remedy.") The Workers' Compensation Act (section 3600 *et. seq.* of the California Labor Code) establishes:

> ... an employee's right to workers' compensation, providing that "liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person . . . shall . . . exist against an employer for an injury sustained by his or her employees arising out of and in the course of employment." Further, California Labor Code 3602 provides that, where [section] 3600 applies, "the right to recover such compensation is . . . the sole and exclusive remedy of the employee. [T]hese provisions apply to all injuries that result from an employment relationship, including injuries for [emotional distress].

*Miniace v. Pac. Maritime Ass'n*, 424 F. Supp. 2d 1168, 1181 (N.D. Cal. 2006); *see also Charles J. Vacanti, M.C., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 814-15 (2001) (emotional distress is considered "part of the normal risk of employment" and hence subject to the exclusive remedies of the workers' compensation laws); *Cole v. Fair Oaks Fire Prot. Dist*, 43 Cal. 3d 148, 162-63 (1987) (an employee cannot maintain an action for emotional distress against his employer because such injuries are within the exclusive remedy provisions of the workers' compensation laws).

As a result, because Plaintiffs' (actually Dominguez's) stand alone claims for emotional distress against Andrew do not involve an alleged statutory or public policy violation by Andrew, they necessarily fall within the purview of workers' compensation law.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Eighth and Ninth causes of action fail as a matter of law. Andrew therefore respectfully requests that the non-stayed causes of action in the Amended Complaint be dismissed under Rule 12(b)(6).

Respectfully submitted,

Dated: December 20, 2007                SONNENSCHEIN NATH & ROSENTHAL LLP


/S/ SANDRA McCANDLESS
SANDRA McCANDLESS

Attorneys for Defendant
ANDREW CORPORATION

27285904

- 8 -
ANDREW CORPORATION'S MOTION TO DISMISS PLAINTIFFS' NON-STAYED CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT